UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNEN BOYD, ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-7012 |
| ) | |
| v. ) | |
| ) | |
| ADVANCED PHYSICIANS, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |

**COMPLAINT**

NOW COMES Plaintiff, Shannen Boyd, by and through her counsel, Antonio L. Jeffrey of Jeffrey & Erwin, LLP, and complains of Defendant Advanced Physicians, and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**JURISDICTION & VENUE**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391 and 42 U.S.C § 2000e-5(f)(3), as Defendant resides in this District, Plaintiff was hired by Defendant in this District, and this District is located in the state in which the alleged unlawful employment practices were committed, Illinois.

1

## PARTIES

3. Plaintiff, SHANNEN BOYD ("Plaintiff"), is and was at all times relevant to this suit an adult African-American female residing in Lombard, Illinois. At all times relevant, Plaintiff was employed by Defendant. Plaintiff was hired, employed, and harmed by Defendant in Illinois.

4. Defendant, ADVANCED PHYSICIANS ("Defendant"), is an Illinois company duly organized and doing business in Illinois, with its primary office located at 7632 Plaza Ct. Willowbrook, Illinois 60527. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant hired, employed, and harmed Plaintiff in Illinois. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII. Similarly, Defendant is an "employer" as defined by the IHRA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about March 18, 2022, Plaintiff timely filed a Charge of Discrimination alleging race and caregiver discrimination and constructive discharge with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2022-04459.

6. On September 15, 2022, the EEOC issued Plaintiff a Notice of Right to Sue.

7. On September 19, 2022, Plaintiff requested a Notice of Right to Sue from the Illinois Department of Human Rights ("IDHR").

8. On September 27, 2022, IDHR issued Plaintiff a right to sue.

9. Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

10. Plaintiff's race is African-American.

11. On May 22, 2020, Plaintiff was hired as a Chiropractor with Defendant, Advanced Physicians.

12. Plaintiff was the only black female doctor in my office, and the only black female doctor for Defendant.

13. Plaintiff is also a single parent of a daughter.

14. Plaintiff performed her job satisfactorily until she was constructively discharged on or about March 12, 2022.

15. At all times relevant to this Complaint, Dr. Dana Valladingham-Carter ("Carter") was the owner of Advanced Physicians. Carter is still the owner of Advanced Physicians.

16. On a consistent basis, Carter would call Plaintiff derogatory names, including those that are associated with slavery, such as calling Plaintiff a "little girl" in the presence of patients. Further, Carter also called Plaintiff a "fucking retard" and "stupid."

17. Thus, on March 7, 2022, Carter called Plaintiff to the clinic with another doctor on the line; during this encounter, Carter began to bash Plaintiff. Carter called Plaintiff stupid and retarded and questioned Plaintiff's education and expertise.

18. Carter does not belittle or call white employees names.

19. Further, Carter comments on all female patients' hair, commenting on the texture as "like cotton candy."

20. On February 5, 2022, Carter sent text messages to Plaintiff attacking her for being a single mother. Carter stated in these messages that she still came to work after testing positive for COVID-19 and that Plaintiff should have done the same.

21. On February 8, 2022, Carter located Plaintiff's social media page on Instagram, and sent Plaintiff inappropriate comments in regard to a picture of Plaintiff and her daughter.

22. On February 9, 2022, Plaintiff emailed Carter about being made to work hours not in her contract. Carter responded by threatening Plaintiff by email stating, "My attorneys wrote this contract. You don't want to go there cuz I will."

23. February 25, 2022, there was a call held. On the call, Carter was degrading and belittling Plaintiff about being a mom. The conversation got so heated Plaintiff was forced to raise her voice and let her know she was completely unprofessional. Plaintiff advised Carter that she didn't have a sob story about being a single mom; that she was proud of being a doctor and what she provides for her child. Plaintiff's co-workers texted Plaintiff apologizing saying how awful everyone felt about Carter talking to Plaintiff in that way.

24. Because of my race and being a black caregiver of my daughter, Plaintiff was subjected to constant and unbearable disparate treatment, discrimination, and harassment, forcing her to give notice of her resignation on March 12, 2022.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

25. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

26. Plaintiff, as an African-American, is a member of a protected class.

27. Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

28. Plaintiff apprised Defendant of her race, African-American.

29. Defendant discriminated against Plaintiff because of her race by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and

constructively terminating her for the same and would not have done so had Plaintiff not been African-American and everything else having been the same.

30. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

31. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

32. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, SHANNEN BOYD, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT II – CAREGIVER DISCRIMINATION BASED ON RACE
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

33. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

34. Title VII prohibits discrimination of a caregiver based on race and/or sex.

35. Plaintiff, as an African-American, is a member of a protected class.

36. Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

37. Plaintiff apprised Defendant of her race, African-American, and that she was a single caregiver.

38. Defendant discriminated against and subjected Plaintiff to disparate treatment because she is a single African-American caregiver and would not have done so had Plaintiff not been an African-American caregiver and everything else having been the same.

39. Plaintiff being a black caregiver was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff being a single black caregiver.

40. Defendant's discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, SHANNEN BOYD, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT III – CONSTRUCTIVE DISCHARGE BASED ON RACE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

41. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

42. It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race.

43. Plaintiff, as an African-American, is a member of a protected class under Title VII.

44. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff.

45. The conditions created by Defendant were so extreme, Plaintiff was forced to give notice of her resignation on March 12, 2022.

46. Defendant's decision to discriminate against Plaintiff was solely motivated by the fact that she is African-American.

47. Defendant would not have discriminated and constructively discharged Plaintiff had she not been African-American.

48. White Defendant employees subjected to the same to the same work environment, policies, procedures, and guidelines as Plaintiff were not harassed or constructively discharged or terminated based upon their race. This constructive discharge of Plaintiff directly impacted her terms and conditions of employment with Defendant.

49. Defendant's constructive discharge of Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

50. As a direct and proximate result of Defendant's unlawful and willful violations on the basis of constructive discharge, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, SHANNEN BOYD, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT IV – DISCRIMINATION BASED ON RACE
## ILLINOIS HUMAN RIGHTS ACT

51. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

52. The IHRA prohibits discrimination in employment on the basis of a person's race. The IHRA applies to prohibit against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

53. It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

54. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her . . . race, color, et al. as those terms as defined in this Section. *Id*. at 5/2-102(Q).

55. Plaintiff, as an African-American, is a member of a protected class.

56. Plaintiff was qualified to perform her job and satisfactorily performed her duties and responsibilities within Defendant's legitimate expectations.

57. Plaintiff apprised Defendant of her race, African-American.

9

58. Defendant discriminated against Plaintiff because of her race by refusing to accommodate her desire of a safe and free non-discriminatory work place and for harassing and constructively terminating her for the same and would not have done so had Plaintiff not been African-American and everything else having been the same.

59. Other White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendant accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendant.

60. Plaintiff's race was a substantial and motivating factor in Defendant's decision to discriminate against Plaintiff. Defendant would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

61. Defendant's discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, SHANNEN BOYD, respectfully requests that this Court enter judgment in her favor and against the Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Illinois Human Rights Act;

B. Grant an injunction against Defendant from violating Illinois Human Rights Act and to protect other employees of a different race from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT V – CONSTRUCTIVE DISCHARGE BASED ON RACE
## ILLINOIS HUMAN RIGHTS ACT

62. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

63. It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

64. Plaintiff, as an African-American, is a member of a protected class under IHRA.

65. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff.

66. The conditions created by Defendant were so extreme, Plaintiff was forced to give notice of her resignation on March 12, 2022.

67. Defendant's decision to discriminate against Plaintiff was solely motivated by the fact that she is African-American.

68. Defendant would not have discriminated and constructively discharged Plaintiff had she not been African-American.

69. White Defendant employees subjected to the same to the same work environment, policies, procedures, and guidelines as Plaintiff were not harassed or constructively discharged or terminated based upon their race. This constructive discharge of Plaintiff directly impacted her terms and conditions of employment with Defendant.

70. Defendant's constructive discharge of Plaintiff constitutes unlawful discrimination in direct violation of IHRA.

71. As a direct and proximate result of Defendant's unlawful and willful violations on the basis of constructive discharge, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, SHANNEN BOYD, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Illinois Human Rights Act;

B. Grant an injunction against Defendant from violating Illinois Human Rights Act and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that she was denied or lost;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which she is entitled;

F. Award the Plaintiff her reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: December 13, 2022

    /s    Antonio L. Jeffrey_____
                    Attorney for Plaintiff

JEFFREY & ERWIN, LLP
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffrey-erwin.com